**Marlon E. CARPENTER, Plaintiff,**

v.

**BAUHAUS U.S.A., INC., Defendant.**

**No. 1:97CV112–S–A.**

United States District Court,
N.D. Mississippi,
Eastern Division.

May 20, 1998.

Keith S. Carlton, Wood and Carlton, Corinth, MS, for Plaintiff.

William Beasley, Stephen H. Morris, Mitchell, Voge, Beasley and Corban, Tupelo, MS, for Defendant.

## OPINION

SENTER, Chief Judge.

This cause is before the court upon cross motions for summary judgment on the plaintiff's claim under The Employee Retirement Income Security Act, "ERISA." The parties agree there are no genuine issues of material facts and, therefore, the cause is ripe for decision as a matter of law.

## FACTS

Marlon Carpenter began employment with Bauhaus in October of 1994 and gained eligibility status on February 1, 1995 to participate in Bauhaus' Employee Benefit Plan which was supervised by Mississippi Administrative Services, Inc. (MAS). On February 20, 1995, Carpenter began experiencing chest pain and shortness of breath. His family physician, Dr. William Jackson, referred him to a local cardiologist, Dr. John Prather, who performed a cardiac catheterization. Based on the results of the catheterization, Dr. Prather referred Carpenter to Dr. Albert Pacifico in Birmingham, Alabama for coronary bypass surgery on April 11, 1995.

The undisputed facts reveal that on or about April 12, 1995, Carpenter began receiving explanation of benefit forms from Bauhaus' plan supervisor, Mississippi Administrative Services, Inc. (MAS) denying Carpenter's claim based upon the Plan's preexisting condition exclusion. On May 11, 1995, Dr. Jackson and Dr. Prather wrote letters on behalf of Carpenter requesting review of the claims.[1] Bauhaus admits that review of Carpenter's claims was delayed based upon a change in the Plan and plan supervisor effective June 1, 1995. In July, 1995, Administrative Benefit Services, Inc., (ABS), began processing the reconsideration of Carpenter's claims. ABS wrote a letter to Bauhaus on September 19, 1995, stating that after an indepth review of all the medical information, the ABS medical consultant determined that Carpenter's heart condition did exist prior to his effective coverage date and, therefore, no benefits were due under the terms of the Plan. Both parties agree that Carpenter had never been treated for or diagnosed with coronary artery disease prior to February 20, 1995. The contested issues of law are the appropriate standard of review for the denial of Carpenter's claims and whether the plaintiff's coronary artery disease "existed" on February 1, 1995. Initially, the defendant raised the exhaustion of remedy doctrine as a bar to the claim, but appears to have abandoned this defense in its response to plaintiff's motion for summary judgment.[2]

## ANALYSIS

At the outset, the court notes that the MAS Plan controls. The court finds further

---

1. Dr. Jackson wrote directly to MAS, the plan supervisor, while Dr. Prather addressed his letter to Bauhaus U.S.A. which was referred to MAS for consideration.

2. The defendant argues initially that Carpenter should have requested review apparently by ABS. (The court fails to understand why the plaintiff should have requested review through a plan which went into effect *after* the incurrence of charges for which he sought reimbursement.) However, the defendant concedes this issue in its response to the plaintiff's motion and states that if the court determines that the doctors were authorized representatives of Carpenter, then "court review of the claims determination is appropriate at this time." The court so finds.

that discussion of the appropriate standard of review is irrelevant in that the court is willing to apply the arbitrary and capricious standard. Under the MAS Plan, pre-existing condition is defined as:

> Is any injury, illness, pregnancy, or medical condition which existed on member's effective date; or
>
> Any injury, illness, pregnancy, or medical condition in which a member received medical care, treatment, consultation, or prescribed drugs during the 12–month period immediately preceding a member's effective date of coverage; or
>
> Any condition or complication caused by or related to any injury, illness, pregnancy, or medical condition which is determined to be pre-existing.[3]

The defendant argues that because the medical consultant for ABS, Dr. Ghaith Ajamoughli, determined that the condition was pre-existing, then the claims were rightfully denied. However, this court finds the affidavit to be conclusory and without any medical foundation. In fact, the affidavit does little more than recite the argument already presented by the defendant.[4] This court has little doubt that the denial of benefits to Carpenter was arbitrary and capricious.

If Dr. Ajamoughli's affidavit can be said to be instructive at all, if is for the purpose of informing this court that Carpenter's condition was one of deterioration. ("That coronary artery disease is a long term developing condition which cannot possibly come into existence over a period of less than a month.") All parties agree, including the medical doctors, that Carpenter had no symptoms until February 20, 1995, and that he had not been treated nor diagnosed prior

to that date. It would seem especially logical to this court that Carpenter's condition did not deteriorate to such a condition requiring surgery until sometime after February 20, 1995, when he began experiencing symptoms. Therefore, it can be stated, if need be, that Carpenter's condition had not quite deteriorated to the point of requiring surgery on his effective date of coverage.[5] As the plaintiff argues, the defendant's broad reading of a "pre-existing condition" transforms the benefit plan into one which only insures accidents.

For the reasons stated above, the court grants the plaintiff's motion for summary judgment and denies the defendant's motion for summary judgment. An order shall be issued herewith.

## ORDER

In accordance with an opinion issued contemporaneously herewith, IT IS ORDERED:

That the defendant's motion to strike the jury trial is granted;

That the defendant's motion for summary judgment is denied;

That the plaintiff's motion for summary judgment is granted; and

That the issue of damages will be determined at a bench trial presently set for June 22, 1998, before this court.

SO ORDERED.

---

3. The new plan (ABS) which went into effect on June 1, 1995, defines preexisting condition as one (1) which existed *prior* to the effective date, or (2) for which charges are incurred for that injury or illness or any complications thereof within 12 months after the covered person's effective date. The Plan further states that where covered charges are incurred 12 months after the covered person's effective date will not be considered pre-existing. The MAS plan provides no such delineation for the existence of a pre-existing condition.

4. "That, although Mr. Carpenter had apparently not reported any symptoms of coronary artery

disease to his physician prior to February of 1995, and the coronary artery disease was accordingly not diagnosed until early March of 1995, the coronary artery disease undoubtedly existed on Mr. Carpenter's effective date of February 1, 1995 and was already in a sufficiently advanced stage at that time to produce symptoms and, upon proper examination, to be diagnosed."

5. As the plaintiff argues, the defendant's broad reading of a "pre-existing condition" transforms the benefit plan into one which only insures accidents.